### PETTIBONE v. PETTIBONE.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. DIVORCE (§ 240*)—ALIMONY—WAIVER OF RIGHT.

Plaintiff was awarded alimony of $15 a week, and from the date she surrendered to defendant certain premises she was given $25 a week as alimony, in place of the $15 allowed. It appeared that defendant owned the premises, which were mortgaged, and that plaintiff refused to permit him to borrow money upon a life insurance policy to pay interest on the mortgage debt, causing the mortgage to be foreclosed, and that defendant procured a purchaser who was willing and able to purchase the premises, but plaintiff would not consent to the sale, and consented to its sale to her own attorney at a less price, only on condition that defendant divided the equity of redemption equally with her. *Held,* that as the order for alimony contemplated that defendant should have the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

benefit of the premises, as they then were, plaintiff by her conduct, depriving defendant of the use of the building, waived her right to demand the increased alimony of $25 a week.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 675–678; Dec. Dig. § 240.*]

2. Divorce (§ 269*)—Failure to Pay Alimony—Contempt.

Defendant will not be punished as for contempt of court at plaintiff's instance, for failure to pay the increased alimony of $25 a week; plaintiff having compelled defendant to sacrifice his property.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 756–763; Dec. Dig. § 269.*]

Appeal from Special Term, Kings County.

Action by Minnie L. Pettibone against William L. Pettibone. From an order denying plaintiff's motion to punish defendant as for contempt for failure to pay alimony pursuant to a court order and denying a motion for an order striking the answer and requiring defendant to give bond, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

Alvin C. Cass, for appellant.

George Murray Hulbert, for respondent.

WOODWARD, J. The plaintiff brought an action for separation from the defendant on the ground of desertion and cruel treatment, and the defendant set up a counterclaim, alleging adultery on the part of the plaintiff and demanding an absolute divorce. On the 2d day of October, 1908, the court at Special Term awarded the plaintiff alimony at the rate of $15 per week and a counsel fee of $300, and the order further provided:

"That in the event that the plaintiff surrender to the defendant the premises 269 East Nineteenth street, borough of Brooklyn, city of New York, that from said date on and during the pendency of the action, the defendant pay the plaintiff's attorney at his office as aforesaid, the sum of $25 per week in place and stead of said sum of $15 per week so ordered to the plaintiff."

The plaintiff alleges that the defendant has failed to pay her any alimony since November 8, 1909, and that possession of the premises aforesaid having been surrendered to him on December 1, 1909, after said date under the provisions of the order entered herein on October 2, 1908, alimony accrued at the rate of $25 per week instead of the sum of $15 per week, making a total balance due and unpaid her on March 7, 1910, of $410. It appears, however, from the affidavits used upon the motion, that the premises mentioned in the order were never surrendered to the defendant; that the defendant owned such premises, subject to a mortgage for $6,000; that the plaintiff refused to permit the defendant to borrow money upon a certain insurance policy upon his life for the purpose of paying the accrued interest; that, thereupon, the mortgage was foreclosed and offered for sale; that the defendant sought to avoid the sale and procured a purchaser who was willing and able to purchase the premises at $9,750; that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff would not consent to such sale; and that she consented to a sale of the property to her own attorney at the figure named, only on condition that the defendant would divide equally with her the equity in the premises, which was finally done. We are of the opinion that the original order contemplated that the defendant should have the benefit of the premises as they stood; that the plaintiff was to be paid $15 per week with the use of the defendant's house, and $25 per week without such use; that when the plaintiff so conducted herself as to deprive the defendant of this resource she waived her right to the increased alimony; that she never surrendered the premises to the defendant in any such manner as to justify her in demanding $25 per week. The plaintiff not having acted in good faith, having forced the defendant to make a sacrifice of his resources and compelling him to permit the property to be offered for sale under a foreclosure proceeding, she is not in a position to ask for his punishment as for a contempt. She has chosen to rely, not upon her rights under the order, but upon her position as a wife, to exact a harsh bargain and to lessen the power of the defendant to meet his obligations, and at a time when she is charged with the violation of those obligations which would destroy her dower rights, and it would be an abuse of the powers of a court of equity to punish the defendant under such circumstances.

The order appealed from should be affirmed, without costs. All concur.